IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20740
Summary Calendar

_____

DEAN PURCELL,

                                        Plaintiff-Appellant,

versus

KENNETH FEINBERG, Special Master; THE OFFICE OF THE SPECIAL
MASTER; JOHN ASHCROFT, U.S. ATTORNEY GENERAL; U.S. DEPARTMENT
OF JUSTICE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-262
--------------------
January 24, 2003

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

       Dean Purcell filed a claim challenging the constitutionality

of the September 11 Victim Compensation Fund of 2001 ("the Fund")

created by the Air Transportation Safety and System Stabilization

Act, Pub. L. No. 107-42, §§ 401-409, 115 Stat. 230, 237-41

(2001).  The district court concluded that Purcell lacked

standing to bring his claim; thus, the court lacked jurisdiction.

_____

       [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Purcell appeals the district court's judgment of dismissal under FED. R. CIV. P. 12(b)(1).

This court reviews issues of standing de novo. See Maiz v. Verani, 311 F.3d 334, 338 (5th Cir. 2002). To establish taxpayer standing a plaintiff must: 1) "allege the unconstitutionality only of exercises of congressional power under the taxing and spending clause of Art. I, § 8, of the Constitution;" and 2) "show the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, § 8." See Flast v. Cohen, 392 U.S. 83, 102-03 (1968). In cases not alleging an Establishment Clause violation, taxpayer standing requires that the plaintiff allege "direct injury." Henderson v. Stalder, 287 F.3d 374, 381 n.7 (5th Cir. 2002).

Purcell argues that Congress in providing for local charity has violated the Ninth and Tenth Amendments by "trespassing on areas of authority reserved to the people or the state," and has violated the Fifth Amendment by depriving him of property without due process of the law and by taking his private property for public use. Purcell's arguments are analogous to those made by the plaintiff in Frothingham v. Mellon, 262 U.S. 447 (1923). See Flast, 392 U.S. at 91-92, 105-06. They do not suffice to confer standing, as no "direct injury" is alleged. Id. at 92.

Purcell also argues that the Fund violates the Equal Protection Clause by compensating some victims of crime but not others.  Purcell bears the burden of establishing standing.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  Purcell has not established that he has suffered an injury in fact or that it is likely, as opposed to merely speculative, that the injury will likely be redressed by a favorable decision.  Thus, the district court did not err when it dismissed Purcell's claim for his lack of standing.  The judgment of the district court is AFFIRMED.